UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WELLS FARGO BANK,
NATIONAL ASSOCIATION, et al.,

       Plaintiffs,                                   CASE NO. 3:11-cv-237-J-20TEM

vs.                                                 LEAD CASE

DAVID BERKMAN, and
BTA FUND, LLC,

       Defendants.
_____

## **ORDER TO STRIKE**

This case is before the Court on Atlantic Capital Bank's Emergency Motion to Intervene and Extend Temporary Injunction Pending Settlement (Doc. #69, Emergency Motion), filed June 29, 2012. The Court has reviewed the instant motion and notes the motion does not contain a certifying statement which would verify compliance with Local Rule 3.01(g). Local Rule 3.01(g), United States District Court, Middle District of Florida, requires a moving party to confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and to file certifying statement with the Court that said communication has taken place.[1] Part and parcel of the conference between counsel is the determination whether there will be any opposition to the sought relief. Counsel is required to state "whether counsel agree on the resolution of the motion." M.D. Fla. Loc. R. 3.01(g).

---

[1] Because the instant motion pertains to an extension of time for a temporary injunction and a request to intervene, the undersigned finds the motion is subject to the mandates of Local Rule 3.01(g) and does not fall under the exception the rule provides for motions seeking injunctive relief.

The importance of these Rules cannot be overstated. All counsel are expected to be familiar with and comply with all applicable rules of this Court. A number of judges in the Middle District of Florida have construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575 (M.D. Fla. Aug. 14, 2000); *see also, Espinal v. Professional Recovery Servs., Inc.*, No. 3:10-cv-131-J-32TEM (M.D. Fla. Oct. 29, 2010); *Lippy v. Metropolitan Cas. Ins. Co.*, No. 3:10-cv-727-J-34MCR, 2010 WL 40007035, *1 (M.D. Fla. Oct. 13, 2010); *Judkins v. Bloomers International, Inc.*, No. 8:09-cv-02538-T-17TBM, 2010 WL 2510665, *2 (M.D. Fla. Jun. 21, 2010); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2008 WL 5263701, *1 (M.D. Fla. Dec. 17, 2008).[2] Many disputes are more easily resolved when the parties actually speak with each other.

The Court notes the subject matter of the instant motion falls within a short time frame as the current temporary injunction is set to expire on July 5, 2012. Emergency Motion at 1. *Counsel, therefore, is encouraged to promptly confer with other counsel in the matter.* Subsequent to conferring with opposing counsel, Atlantic Capital Bank may re-file the motion, provided said motion contains a certifying statement of the conference and advises whether the other parties have any objection to the sought relief.

Accordingly, the Emergency Motion **shall be stricken from the record** and the Clerk **shall terminate the motion**. The electronic image of the Emergency Motion, however, may remain on the CM/ECF system.

---

[2] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of June, 2012.

*[signature: Thomas E. Morris]*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
All Counsel of Record
*Pro Se* Parties, if any